Dear Mr. Koupal:
This letter is in response to your questions asking:
 Does the Missouri State Council on the Arts (MSCA) have legal authority, as defined by Article III, Section 38(a) of the Missouri Constitution, by Section 185.040 and 185.050
of the Revised Statutes of Missouri, and by Attorney General Opinion No. 155 (October 1976), to award fellowships to individual artists residing in Missouri for the public purpose of enabling artists to set aside time or to purchase materials to work on a specific project or to continue their work? In addition, does the MSCA have legal authority to contract with a public or private not-for-profit tax-exempt organization to administer a statewide fellowship program for individual artists?
Missouri Constitution, Article III, Section 38(a), provides:
 The general assembly shall have no power to grant public money or property, or lend or authorize the lending of public credit, to any private person, association or corporation, excepting aid in public calamity, and general laws providing for pensions for the blind, for old age assistance, for aid to dependent or crippled children or the blind, for direct relief, for adjusted compensation, bonus or rehabilitation for discharged members of the armed services of the United States who were bona fide residents of this state during their service, and for the rehabilitation of other persons. Money or property may also be received from the United States and be redistributed together with public money of this state for any public purpose designated by the United States.
Section 185.040, RSMo 1978,[1] states:
The duties of the council shall be:
 (1) To stimulate and encourage throughout the state the study and presentation of the performing and fine arts and public interest and participation therein;
 (2) To make such surveys as may be deemed advisable of public and private institutions engaged within the state in artistic and cultural activities, including, but not limited to, music, theater, dance, painting, sculpture, architecture, and allied arts and crafts, and to make recommendations concerning appropriate methods to encourage participation in and appreciation of the arts to meet the legitimate needs and aspirations of persons in all parts of the state;
 (3) To take such steps as may be necessary and appropriate to encourage public interest in the cultural heritage of our state and to expand the state's cultural resources; and
 (4) to encourage and assist freedom of artistic expression essential for the well-being of the arts.
Section 185.050 states:
 The council is hereby authorized and empowered to hold public and private hearings, to enter into contracts, within the limit of funds available therefor, with individuals, organizations and institutions for services furthering the educational objectives of the council's programs; to enter into contracts, within the limit of funds available therefor, with local and regional associations for cooperative endeavors furthering the educational objectives of the council's programs; to accept gifts, contributions and bequests of unrestricted funds from individuals, foundations, corporations and other organizations or institutions for the purpose of furthering the educational objectives of the council's programs; to make and sign any agreements and to do and perform any acts that may be necessary to carry out the purposes of this chapter. The council may request from any department, division, board, bureau, commission or agency of the state such assistance and data as will enable it properly to carry out its powers and duties hereunder.
In Opinion No. 396, Dalton, 1964, copy enclosed, this office concluded that proposed legislation, which later became House Bill No. 42, 1965 Mo. Laws 314 (presently codified as Chapter 185, RSMo 1978), did not violate Missouri Constitution, Article III, Section38(a). The reasoning for this conclusion was that whenever the expenditure of money was mentioned in what is now Chapter 185, RSMo 1978, the expenditure is in terms of payment for services. As stated in our 1964 opinion, "The proposed act does not permit grants, subsidies, gifts or scholarships to individual artists or to groups of artists, but authorizes payment for services and perhaps goods, . . . ." Id. at 4.
In Opinion No. 155, Sikes, 1976, copy enclosed, this office concluded that contracts between the Missouri State Council on the Arts (hereinafter sometimes referred to as "Council") and artists for workshops, lectures, demonstrations, performances, and art objects serve a public purpose and do not violate Missouri Constitution, Article III, Section 38(a).
In Opinion Letter No. 109, DeCoster, 1977, copy enclosed, this office emphasized that the statutory authority given to the Council is to contract, not to make grants. There must be some form of valuable consideration flowing from the contracting artist or artists to the Council. The import of our finding in our 1976 opinion that such contracts serve a public purpose is that no one has to ensure that the Council receives full and adequate consideration; that is, no one measures the monetary value of the art received by the Council and ensures that it is worth as much or more than the consideration the Council paid for it.
Accordingly, we conclude that the Council has no statutory authority to make grants or fellowships to artists. In light of our answer to your first question, we will not respond to your second question.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures:
 Opinion No. 396, Dalton, 1964 Opinion No. 155, Sikes, 1976 Opinion Letter No. 109, DeCoster, 1977
[1] All statutory references are to RSMo 1978, unless otherwise indicated.